UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOAN AMBROSIA, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>COGENT COMMUNICATIONS, INC.,<br><br>　　　　Defendant. | Case No. 14-cv-02182-RS<br><br>**ORDER DENYING JUDGMENT ON THE PLEADINGS** |

## I.  INTRODUCTION

Plaintiffs are former salaried employees of defendant Cogent Communications, Inc. ("Cogent") who seek damages and other relief predicated on Cogent's alleged failure to pay overtime in violation of California and federal law. Cogent now moves for judgment on the pleadings as to plaintiffs' collective action and class action allegations on the basis of collateral estoppel. Pursuant to Civil Local Rule 7-1(b), the motion is suitable for disposition without oral argument and the hearing set for October 2, 2014, is vacated. The motion is denied as Cogent has not met its burden to establish that the issues presented here are identical to those decided in the prior proceeding, as explained below.

## II.  BACKGROUND

In December 2011, three former employees filed a complaint against Cogent in the Southern District of Texas alleging the company failed to pay overtime in violation of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq*. *Lagos, et al. v. Cogent Communications, Inc.*, No. H-11-4523 (Filed Dec. 21, 2011). The *Lagos* court conditionally certified a nationwide class of "all current and former Global Account Managers and Regional Account Managers, employed by Cogent Communications, Inc. between December 21, 2008 to the present, who worked over 40 hours in a work week."

Following discovery and an opt-in period, Cogent moved to decertify the FLSA collective action, arguing the plaintiffs were exempt from overtime based on their outside sales activities. Applying the analysis set forth in *Lusardi v. Xerox*, 118 F.R.D. 351 (D.N.J. 1987), the court concluded the case could not be maintained as a collective action. In particular, the court found that factual differences among the opt-in plaintiffs with regard to the amount of time spent on outside sales activities—ranging from zero to sixteen hours per week—would have required the jury to make an individual exemption determination for each plaintiff. In addition, Cogent presented evidence that management had communicated the importance of outside sales work to class members, while the plaintiffs had not identified any company-wide policy that would allow their claims to be adjudicated collectively. Concluding "it would be impossible for the jury to make a blanket determination concerning the FLSA exempt status of the entire class of Plaintiffs," the court granted Cogent's motion, decertified the collective action, and dismissed the opt-in plaintiffs.

Two months after the *Lagos* court granted Cogent's motion to decertify the nationwide class, five additional suits were brought against Cogent alleging similar overtime violations on behalf of plaintiffs in California, Florida, the District of Columbia, Virginia, and New York.[1] Plaintiffs in the instant matter assert the same FLSA claim for unpaid overtime as was set forth in *Lagos* and three additional claims under California state law: failure to pay overtime in violation of California Labor Code, §§ 510, 1194; failure to pay wages due and owing in violation of California Labor Code, §§ 200–203; and violation of the Unfair Competition Law (UCL), California Business & Professions Code, § 17200 *et seq.* Plaintiffs seek to represent a statewide class for their California claims comprised of "[a]ll account managers who have worked for Defendant in California and were not paid overtime at any time during the period from four years prior to the filing of the original complaint in this action through the date of final judgment."

---

[1] In addition to the instant suit, those case are *Cuartas, et al. v. Cogent Communications, Inc.*, No. 14-21429 (S.D. Fla.) (filed Apr. 22, 2014); *Jones, et al. v. Cogent Communications, Inc.*, No. 14-675-ESH (D.D.C) (filed Apr. 22, 2014); *Allen, et al. v. Cogent Communications, Inc.*, No. 14-459 (E.D. Va.) (filed Apr. 25, 2014); and *Branch, et al. v. Cogent Communications, Inc.*, No. 14-3551 (S.D.N.Y) (filed May 16, 2014).

Complaint, ¶ 22; *see* Fed. R. Civ. P. 23. Plaintiffs also propose an FLSA collective action on behalf of the same group, pursuant to 29 U.S.C. § 216(b).

Cogent now moves for judgment on the pleadings as to plaintiffs' claims for class and collective relief. *See* Complaint, ¶¶ 22–29. According to Cogent, plaintiffs are collaterally estopped from asserting their class claims in this matter as the identical issue was already decided by the Southern District of Texas.[2]

### III. LEGAL STANDARD

Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Such a motion, is "functionally identical" to a Rule 12(b) motion to dismiss for failure to state a claim, differing only in that it is filed after pleadings are closed. *See Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). In evaluating a motion for judgment on the pleadings, all material allegations in the complaint are accepted as true and construed in the light most favorable to the non-moving party. *See Turner v. Cook*, 362 F.3d 1219, 1225 (9th Cir. 2004) (citation omitted).

### IV. DISCUSSION

Cogent has the burden as the party asserting collateral estoppel to establish "(1) the issue necessarily decided at the previous proceeding is identical to the one which is sought to be relitigated; (2) the first proceeding ended with a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party or in privity with a party at the first proceeding." *Hyrdonautics v. FilmTec Corp.*, 204 F.3d 880, 885 (9th Cir. 2000). Cogent relies on the decision to decertify the FLSA collective action in *Lagos* to assert collateral estoppel in this

---

[2] Cogent's request to take judicial notice of certain documents filed in the *Lagos* matter, including the complaint and the decision to decertify the collective action in that matter, is granted. *See United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (a court may take judicial notice of proceedings in other courts); *Mullis v. U.S. Bankruptcy Court*, 828 F.2d 1385, 1388 n.9 (9th Cir. 1987) (a court may take judicial notice of the existence of court files in other lawsuits and prior orders or decisions). Taking judicial notice of such documents does not convert Cogent's motion for judgment on the pleadings into a motion for summary judgment. *MGIC Indemnity Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986)).

matter against plaintiffs' collective FLSA claim and California state law class claims, even though the latter claims were not asserted in the original *Lagos* matter.

Cogent readily satisfies the second and third factors set forth above regarding finality and privity. First, the *Lagos* decision to decertify constitutes a "sufficiently firm" adjudication on the relevant issue of FLSA certification "to be accorded conclusive effect" on that matter. *See Luben Indust., Inc. v. United States*, 707 F.2d 1037, 1040 (9th Cir. 1983); *In re Bridgestone/Firestone*, 333 F.3d at 768. Second, privity is certainly satisfied as to the fourteen of sixteen plaintiffs in this matter who opted-in to the Lagos collective action and thereby became parties per the FLSA. 29 U.S.C. § 216(b). Though neither Bill Chan nor Jason Ruis was a party in the *Lagos* case, they share the interests of the parties in that action in certification and were adequately represented in the former action by the co-plaintiffs, as well as the same lead counsel who has represented plaintiffs in both matters. *See Shaw v. Hahn*, 56 F.3d 1128, 1131–32 (9th Cir. 1995) (finding privity where interests aligned); *Murray v. Sears, Roebuck & Co.*, No. 09-5744-CW, 2010 U.S. Dist. LEXIS 83284, at *14 (N.D. Cal. July 21, 2010) (finding unity of counsel to be a relevant factor to privity).

Cogent does not, however, meet its burden on issue identity. The critical distinction is not, as plaintiffs suggest, that this case involves California wage claims not presented in *Lagos*. The relevant question is whether the *Lagos* decision that a *nationwide* class presented factual distinctions not amenable to collective adjudication necessarily applies a *statewide* class of California plaintiffs. In reaching its decision, the Southern District of Texas noted several factual issues not necessarily present in this action on the face of the pleadings. For example, the evidence presented in support of the motion to decertify in *Lagos* demonstrated disparate sales practices among the relevant offices, a corporate structure in which the named and opt-in class members reported through twelve different regional managers, and a lack of any uniform policy relevant to the question of whether the plaintiffs were properly classified as exempt employees. Nowhere did the *Lagos* court specifically discuss the evidence relevant to those opt-in class members from California.

In contrast to the nationwide class in *Lagos*, the proposed class definition in this case is limited to current and former employees in California only. Whether such a class may properly be certified under either Rule 23 or the collective action provision of the FLSA is a question for another day. At this juncture, Cogent has not demonstrated that certification of plaintiffs' class and collective claims will necessarily present the same issue decided in *Lagos*, *i.e.*, that a nationwide class cannot be certified.

The Eastern District of Virginia reached a similar conclusion in *Allen, et al. v. Cogent Communications, Inc.*, No. 14-456, 2014 WL 4270077, at *3 (Aug. 28, 2014), one of the five spin-off suits to follow decertification in *Lagos*. In *Allen*, Cogent asserted collateral estoppel in opposition to the plaintiffs' motion for notice and conditional certification of a statewide, opt-in collective action. As in *Lagos*, the plaintiffs in *Allen* asserted only one claim under the FLSA. Nevertheless, the *Allen* court rejected Cogent's collateral estoppel argument. As the *Allen* court observed, the decision in *Lagos* did not discuss any Virginia-specific practices. "[T]he issue before the Lagos court was whether [account managers] from across the country were similarly situated. The issue before this Court, however, is whether [account managers] from Defendant's three Virginia offices are similarly situated. These are plainly not identical issues." *Allen*, 2014 WL 4270077, at *4.

The cases upon which Cogent relies are distinguishable. For example, the Seventh Circuit has held that a prior decision finding the district court abused its discretion in certifying a nationwide class was sufficiently firm to preclude further attempts by either the named or absent class members to seek nationwide certification in other venues, but noted that its prior order specifically contemplated subsequent statewide claims. *See In re Bridgestone/Firestone, Inc.*, 333 F.3d 763 (7th Cir. 2003), *abrogated on other grounds, Smith v. Bayer Corp.*, 131 S. Ct. 2368, 2379–81 (2011); *see also Alvarez v. May Department Stores Co.*, 143 Cal. App. 4th 1223, 1238 (2006) (striking class allegations based on a finding the claims asserted were identical to those asserted by an identical class in a prior litigation); *Frosini v. Bridgestone Firestone N. Am. Tire, LLC*, 2007 U.S. Dist. LEXIS 73767, at 30 (C.D. Cal. Aug. 24, 2007) (applying collateral estoppel

to California class claims because the state court had previously denied certification of a nationwide class as well as a California sub-class involving the same plaintiffs).

Cogent's failure to satisfy the first factor set forth in *Hydronautics* is dispositive, as it is Cogent's burden to establish all three factors, which are set forth in the conjunctive. *See Hydronautics*, 204 F.3d at 885.  As such, collateral estoppel does not apply to plaintiffs' class and collective action allegations in this matter.

## V.  CONCLUSION

For the reasons set forth above, Cogent's motion for judgment on the pleadings is denied. The Case Management Conference currently set for October 2, 2014, is continued to October 9, 2014 at 10:00 a.m. in Courtroom 3 on the 17th Floor of the United States Courthouse, 450 Golden Gate Avenue, San Francisco.  The parties shall file a Joint Case Management Statement at least one week prior to the Conference.  Parties or counsel may appear personally or file a request to appear by telephone.  If any party files such a request, all parties shall appear telephonically at 11:00 a.m. and must contact Court Conference at 866/582-6878 at least one week prior to the Conference.

**IT IS SO ORDERED**.

Dated: September 22, 2014

_____
RICHARD SEEBORG
United States District Judge