1

2

3

4

5

6

7                                          UNITED STATES DISTRICT COURT

8                                         NORTHERN DISTRICT OF CALIFORNIA

9

10    JOAN AMBROSIO, et al.,                              Case No. 14-cv-02182-RS

             Plaintiffs,
11

12        v.                                            **ORDER DENYING MOTION TO
                                                        CERTIFY ORDER FOR
13    COGENT COMMUNICATIONS, INC.,                       INTERLOCUTORY APPEAL,
                                                        DENYING STAY, AND GRANTING
             Defendant.                                  MOTION FOR LEAVE TO FILE
14                                                       AMICUS BRIEF**

15

16                                              **I. INTRODUCTION**

17            Pursuant to 28 U.S.C. § 1292(b), defendant Cogent Communications, Inc. ("Cogent")

18    requests certification for interlocutory review of the January 4, 2016, order granting plaintiffs'

19    motion conditionally to certify a collective action under the Fair Labor Standards Act ("FLSA"),

20    29 U.S.C. § 201 *et seq.* Cogent would like to clarify the appropriate standard for conditionally

21    certifying a collective action when the parties have conducted substantial discovery prior to the

22    motion being filed. Cogent also moves to stay this matter pending resolution of its appeal of the

23    order certifying this case as a class action under Rule 23(b)(3) of the Federal Rules of Civil

24    Procedure.

25            Mindful that 28 U.S.C. § 1292(b) must be construed narrowly and applied sparingly,

26    Cogent has not shown exceptional circumstances justify a departure from the basic policy of

27    postponing appellate review until after a final judgment. The request for certification of the

28    January 4, 2016, order accordingly will be denied. Further, having reviewed the circumstances of

United States District Court
Northern District of California

1   the present matter, Cogent has not persuasively shown a stay of these proceedings is warranted,

2   and its motion accordingly will be denied.  Pursuant to Civil Local Rule 7-1(b), the motions are

3   suitable for disposition without oral argument, and the March 10, 2016, hearing will therefore be

4   vacated.[1]

5                                          **II. DISCUSSION**

6          **A. Motion to Certify Order for Interlocutory Appeal**

7          Cogent seeks to resolve by way of interlocutory appeal the appropriate standard for

8   conditionally certifying an FLSA collective action when the parties have conducted substantial

9   discovery.  By way of background, the FLSA provides employees with a private right of action to

10  enforce the minimum wage and overtime provisions of the Act.  *See* 29 U.S.C. § 216(b).  Named

11  plaintiffs may bring an action not just on their own behalf, but also for "other employees similarly

12  situated."  *Id.*  Courts in this District have applied a two-step approach to determine whether the

13  putative class is "similarly situated."  *See, e.g.*, *Lewis v. Wells Fargo & Co.*, 669 F. Supp. 2d 1124,

14  1127 (N.D. Cal. 2009).  In the first step, the court makes an initial determination whether

15  conditionally to certify the class for purposes of providing notice of the pending suit to potential

16  members.  *See Leuthold v. Destination Am, Inc.*, 224 F.R.D. 462, 467 (N.D. Cal. 2004).  In the

17  second step, usually after the close of discovery, the defendant may move for decertification.  *Id.*

18  Based on greater factual evidence, the court at this stage generally applies a more "stringent"

19  analysis.  *Id.*

20         Cogent maintains it was inappropriate for this Court to apply the more lenient step-one

21  standard given the parties had produced over 4000 pages of documents and conducted seventeen

22  depositions.  Cogent seeks to proceed with an interlocutory appeal to establish the proposition that

23  a heightened standard should apply to conditional certification when the parties have engaged in

24  substantial discovery.[2]

25

26  [1] The International Association of Defense Counsel moves for leave to file an amicus brief in
    support of Cogent's request for interlocutory review. *See* Dkt. No. 95.  The motion is granted.

27  [2] The prior order declined to apply the step-two standard because the factual record is not

28

United States District Court
Northern District of California

United States District Court
Northern District of California

1

**1. Legal Standard**

2       As a general rule, a party may seek review of a district court's rulings only after the entry

3    of final judgment. *In re Cement Litig.*, 673 F.2d 1020, 1027 (9th Cir. 1982).  The district court

4    may under "exceptional" circumstances, however, certify an order for interlocutory review

5    pursuant to 28 U.S.C. § 1292(b). *Id.* at 1026 (citing *Coopers & Lybrand v. Livesay*, 437 U.S. 463,

6    475 (1978)).  Certification may be appropriate where: (1) the order involves a controlling question

7    of law; (2) as to which there is substantial ground for difference of opinion; and (3) an immediate

8    appeal from the order may materially advance the ultimate termination of the litigation. 28 U.S.C.

9    § 1292(b).

10      "The decision to certify an order for interlocutory appeal is committed to the sound

11   discretion of the district court." *United States v. Tenet Healthcare Corp.*, 2004 WL 3030121, at *1

12   (C.D. Cal. Dec. 27, 2004) (citing *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 47 (1995)).  As

13   such, "[e]ven when all three statutory criteria are satisfied, district court judges have unfettered

14   discretion to deny certification." *Brizzee v. Fred Meyer Stores, Inc.*, No. CV 04-1566-ST, 2008

15   WL 426510, at *3 (D. Or. Feb. 13, 2008) (internal quotation marks omitted).  "The party seeking

16   certification has the burden of showing that exceptional circumstances justify a departure from the

17   'basic policy of postponing appellate review until after the entry of a final judgment.'" *Fukuda v.*

18   *Cnty. of Los Angeles*, 630 F. Supp. 228, 229 (C.D. Cal. 1986) (quoting *Coopers*, 437 U.S. at 475).

19   As explained below, Cogent has not met its burden to justify the extraordinary remedy it seeks.

20                          **a. Controlling Question of Law**

21      The first requirement is that Cogent raise a controlling question of law.  After all, section

22   1292(b) "was intended primarily as a means of expediting litigation by permitting appellate

23

24   _____

25   complete, there are ongoing discovery disputes over arbitration agreements signed by some
     putative class members, and it is possible the discovery yet to be propounded could inform the
     step-two analysis. *See* Dkt. No. 80 at 4:22–5:16.  The order reasoned that "[l]eapfrogging step one

26   not only deprives potential plaintiffs of an opportunity to join the suit, but also obliges the Court to
     proceed on an unsettled record, possibly depriving it of facts that would support plaintiffs'

27   arguments for class treatment." *Id.* at 5:5–8.

28

CASE NO.  14-cv-02182-RS

United States District Court
Northern District of California

1    consideration during the early stages of litigation of legal questions which, if decided in favor of

2    the appellant, would end the lawsuit." *United States v. Woodbury*, 263 F.2d 784, 787 (9th Cir.

3    1959).  The challenged issue, however, need not be dispositive of the entire lawsuit to be

4    controlling. *See Kuehner v. Dickinson & Co.*, 84 F.3d 316, 319 (9th Cir. 1996).  Rather, a question

5    is controlling if "resolution of the issue on appeal could materially affect the outcome of the

6    litigation in the district court." *Cement Litig.*, 673 F.2d at 1026.

7           Cogent argues its appeal could "materially affect the outcome of the litigation" because

8    reversal would require the Court to apply a heightened standard and weigh Cogent's evidence

9    anew.[3]  Cogent also submits reversal would alter the trajectory of the litigation by possibly sparing

10   it the costs associated with issuing notice and completing discovery.  Plaintiffs respond that

11   conditionally certifying a collective action does not present a controlling question because the

12   decision is temporary and ultimately will be reconsidered by the court.

13          At bottom, Cogent has not shown the conditional certification standard presents a

14   controlling question of law.   While "[s]ome courts have adopted the view that a question is

15   controlling if it is one the resolution of which may appreciably shorten the time, effort, or expense

16   of conducting a lawsuit," as Cogent presses here, the Ninth Circuit flatly pronounced, "[w]e reject

17   this approach." *Cement Litig.*, 673 F.2d at 1027.  Instead, the court illustrated the dimensions of a

18   controlling question by pointing to a few examples, including such "fundamental" inquiries as

19   "who are necessary and proper parties, whether a court to which a cause has been transferred has

20   jurisdiction, or whether state or federal law should be applied." *Id.* at 1026–27.  Cogent does not

21   present such a fundamental question in its request for certification because even if successful, it

22   will only advance the time-frame for conducting the step-two review.  Thus, although the appeal

23

24   [3] Although the prior order applied the step-one standard, Cogent is incorrect to the extent it
     suggests the Court did not "weigh the evidence presented . . . of the substantial variation among
25   [Cogent] employees" for purposes of the conditional certification analysis, *see* Dkt. No. 83 at
     3:17–21.  The prior order accounted for Cogent's evidence, *see* Dkt. No. 80 at 6:4–15, even
26   though, as the order explained, "[c]ourts need not even consider evidence provided by defendants
     at th[at] stage," *Luque v. AT&T Corp.*, No. C 09–05885 CRB, 2010 WL 4807088, at *3 (N.D. Cal.
27   Nov. 19, 2010).

28

1   could have some minimal impact on this litigation, the certification was temporary, step-two is

2   looming, and the question of law accordingly is not controlling. *See, e.g.*, *Villarreal v. Caremark*

3   *LLC*, 85 F. Supp. 3d 1063, 1071 (D. Ariz. 2015) (finding an order granting conditional

4   certification does not present a controlling question); *Lillehagen v. Alorica, Inc.*, No. SACV 13–

5   0092–DOC (JPRx), 2014 WL 2009031, at *2–3 (C.D. Cal. May 15, 2014) (same).

### b. Materially Advance the Ultimate Termination of the Litigation

7   "The third requirement for an interlocutory appeal—that the appeal must be likely to

8   materially speed the termination of the litigation—is closely linked to the question of whether an

9   issue of law is 'controlling,' because the district court should consider the effect of a reversal on

10   the management of the case." *Villareal*, 85 F. Supp. 3d at 1071.  Given this link, it is prudent to

11   address the third element before commenting on the second.

12   An interlocutory appeal materially advances the termination of the litigation where it

13   "promises to advance the time for trial or to shorten the time required for trial." *Dukes v. Wal-*

14   *Mart Stores, Inc.*, No. C 01–02252 CRB, 2012 WL 6115536, at *5 (N.D. Cal. Dec. 10, 2012)

15   (quoting 16 Federal Practice & Procedure § 3930 at n. 39 (2d ed.)).  Conversely, "immediate

16   appeal may be inappropriate where there is a good prospect that the certified question may be

17   mooted by further proceedings." *Id.* (internal quotation marks omitted).

18   Here, Cogent insists an interlocutory appeal will advance the termination of the litigation

19   because it already is appealing the Rule 23 order, so certification will avoid piecemeal appeals.

20   Cogent also suggests the issue will evade review absent an interlocutory appeal, and notes FLSA

21   litigation is expected to reach an all-time high in 2016.

22   Cogent's latter two points do not speak to how a reversal will advance the termination of

23   this litigation, but its point about dodging piecemeal appeals ultimately is well taken.  Still, Cogent

24   has not shown the "appeal promises to advance the time for trial," and indeed, the issue may well

25   be mooted with the second stage of collective action certification.  Specifically, as other courts

26   have observed, even though the FLSA proceedings could be stayed to permit the interlocutory

27   appeal to proceed, "it is far from clear—and in the Court's view doubtful—whether the total

28

United States District Court
Northern District of California

CASE NO. 14-cv-02182-RS

1    burdens of litigation on parties and the judicial system would be lessened by such a course."

2    *Lillehagen*, 2014 WL 2009031 at *7.  Given the second stage of collective action certification is

3    already approaching in this matter, there is little value in permitting a lengthy appeal that, if

4    successful, would merely bring about that result.

5                      **c. Substantial Ground for Difference of Opinion**

6            There is no need to spill ink examining the basis for whether a substantial disagreement

7    exists on this matter because to obtain certification, Cogent must establish all three statutory

8    elements.[4]  In sum, Cogent has not shown exceptional circumstances justify a departure from the

9    basic policy of postponing appellate review until after the entry of a final judgment.  Mindful that

10   28 U.S.C. § 1292(b) must be construed narrowly and applied sparingly, *see James v. Price Stern*

11   *Sloan, Inc.*, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002); *Woodbury*, 263 F.2d at 788 n.11, the request

12

---

13   [4] It is worth noting nonetheless that "courts in this Circuit overwhelmingly 'refuse to depart from
     the notice stage analysis prior to the close of discovery.'" *Luque v. AT&T Corp.*, No. C 09–05885
14   CRB, 2010 WL 4807088, at *3 (N.D. Cal. Nov. 19, 2010) (quoting *Kress v.*
     *PricewaterhouseCoopers, LLP*, 263 F.R.D. 623, 629 (E.D. Cal. 2009)). *See also, e.g.*, *Coates v.*
15   *Farmers Grp., Inc.*, No. 15-CV-01913-LHK, 2015 WL 8477918 (N.D. Cal. Dec. 9, 2015)
     (refusing to apply heightened standard to conditional certification inquiry where defendants
16   deposed three opt-in plaintiffs and produced documents relevant to class certification); *Benedict v.*
     *Hewlett-Packard Co.*, No. 13-CV-00119-LHK, 2014 WL 587135 (N.D. Cal. Feb. 13, 2014)
17   (refusing to apply heightened standard where defendants produced 50,000 documents, provided
     witnesses, deposed named plaintiffs, and plaintiffs sent a notification letter to putative class
18   because discovery was "not yet complete."); *Villa v. United Site Servs. of Cal., Inc.*, No. 5:12-CV-
     00318-LHK, 2012 WL 5503550 (N.D. Cal. Nov. 13, 2012) (refusing to apply heightened standard
19   where discovery was "ongoing" and fact discovery had not yet closed); *Guifu Li v. A Perfect*
     *Franchise, Inc.*, No. 5:10-CV-01189-LHK, 2011 WL 4635198 (N.D. Cal. Oct. 5, 2011) (parties
20   engaged in "significant discovery" and were approaching discovery deadlines); *Luque v. AT&T*
     *Corp.*, No. C 09-05885 CRB, 2010 WL 4807088 (N.D. Cal. Nov. 19, 2010) (parties engaged in
21   extensive discovery but discovery had not been completed); *Velasquez v. HSBC Fin. Corp.*, 266
     F.R.D. 424 (N.D. Cal. 2010) (parties deposed witnesses and produced 11,000 documents but
22   discovery was not complete); *Lewis v. Wells Fargo & Co.*, 669 F. Supp. 2d 1124 (N.D. Cal. 2009)
     ("volumes of paper ha[d] been produced and several witnesses deposed"); *Kress v.*
23   *PricewaterhouseCoopers, LLP*, 263 F.R.D. 623 (E.D. Cal. 2009) (defendants produced 75,000
     pages of documents from related action which had closed discovery, produced an additional
24   13,000 pages of documents, and conducted depositions of several plaintiffs and declarants);
     *Labrie v. UPS Supply Chain Sols., Inc.*, No. C08-3182 PJH, 2009 WL 723599 (N.D. Cal. Mar. 18,
25   2009) ("discovery has not yet been completed" and case not "ready for trial"); *Rees v. Souza's*
     *Milk Transp., Co.*, No. CVF0500297 AWI LJO, 2006 WL 738987 (E.D. Cal. Mar. 22, 2006)
26   (court ordered preliminary scheduling order and limited discovery to class certification but
     "discovery on the merits" was not complete"); *Leuthold v. Destination Am, Inc.*, 224 F.R.D. 462,
27   467–68 (N.D. Cal. 2004) ("extensive discovery ha[d] already taken place").

28

United States District Court
Northern District of California

1   for certification of the January 4, 2016, order accordingly is denied.

2   **B. Motion to Stay**

3   Next, Cogent moves to stay this matter pending resolution of its appeal of the January 4,

4   2016, order certifying plaintiffs' Rule 23 claims.  Cogent argues a stay is appropriate given its

5   interlocutory appeal under Rule 23(f).[5]

6   **1. Legal Standard**

7   The filing of a petition for permission to appeal from an order granting or denying class-

8   action certification "does not stay proceedings in the district court unless the district judge or the

9   court of appeals so orders." Fed. R. Civ. P. 23(f).  When deciding whether to stay proceedings,

10   courts consider (1) "whether the stay applicant has made a strong showing that he is likely to

11   succeed on the merits"; (2) "whether the applicant will be irreparably injured absent a stay"; (3)

12   "whether issuance of the stay will substantially injure the other parties interested in the

13   proceeding"; and (4) "where the public interest lies." *Leiva-Perez v. Holder*, 640 F.3d 962, 964

14   (9th Cir. 2011) (quoting *Nken v. Holder*, 556 U.S. 418, 426 (2009)).  These four factors should be

15   examined on a flexible "continuum," akin to "the 'sliding scale' approach" applied to requests for

16   preliminary injunctions. *Id.*  Under that approach, the court balances the elements of the test, "so

17   that a stronger showing of one element may offset a weaker showing of another." *Id.*

18   **a. Likelihood of Success on the Merits**

19   The first demonstration a stay petitioner must make is "a strong showing that he is likely to

20   succeed on the merits." *Leiva-Perez*, 640 F.3d at 964.  "[P]etitioners," however, "need not

21   demonstrate that it is more likely than not that they will win on the merits." *Id.* at 966.  Instead,

22   "serious legal questions" are sufficient to satisfy the first prong, so long as the balance of

23   hardships also tips sharply in the movant's favor. *Id.* at 967.  "[A]t a minimum," a petitioner must

24   show "she has a substantial case for relief on the merits." *Id.* at 968.

25

26   ---
    [5] Cogent also submits this Court should exercise its discretion to grant a stay in conjunction with
    an appeal from the conditional certification order under 28 U.S.C. § 1292(b).  That argument is
27   moot in light of the disposition outlined above.

28

*United States District Court*
*Northern District of California*

United States District Court
Northern District of California

1        Cogent advances three theories alleged to raise questions regarding class certification.

2   First, Cogent submits the January 4, 2016, order conflicts with *Avilez v. Pinkerton Gov't Servs.,*

3   *Inc.*, 596 F. App'x 579 (9th Cir. 2015), which found a sole named plaintiff was neither adequate

4   nor typical because she was not bound by a class action waiver that applied to the class.[6] *Id.* at

5   579.

6        Setting aside that Cogent has not produced a single waiver signed by a putative class

7   member, *see* Dkt. No. 80 at 20 n.19, Cogent plainly admits—in contrast to *Avilez*—a named

8   plaintiff (Joan Ambrosio) signed its alleged waiver. Dkt. No. 72, Ex. 1.  Thus, unlike Avilez, who

9   was "unable to argue" on behalf of those who had signed waivers, *Avilez,* 596 Fed. App'x at 579,

10  the class representatives here are both adequate and typical of both types of putative class

11  members.  Cogent points out that only one of the sixteen named plaintiffs signed the agreement to

12  arbitrate, whereas it estimates nearly forty percent of the class may have elected to do the same.[7]

13  That contention does not detract from the adequacy or typicality of the representative plaintiffs,

14  and "the Ninth Circuit has also consistently held that Rule 23(a)'s typicality and adequacy

15  requirements present relatively 'permissive standards' that do not pose a particularly high bar to

16  class certification." *Woods v. Vector Mktg. Corp.*, No. C–14–0264 EMC, 2015 WL 5188682, at

17  *12 (N.D. Cal. Sept. 4, 2015) (citing *Parsons v. Ryan*, 754 F.3d 657, 685 (9th Cir. 2014)).

18       Next, Cogent maintains its appeal raises questions regarding the policies that can be used

19  to demonstrate an overtime exemption is susceptible to common proof.  On that point, courts are

20  instructed to look for "centralized rules . . . suggest[ing] a uniformity among employees" because,

21  to the extent they reflect the realities of the workplace, they facilitate common proof of otherwise

22  individualized issues. *In re Wells Fargo Home Mortg. Overtime Pay Litig.*, 571 F.3d 953, 958–59

23

24  [6] It is worth noting *Avilez* is an unpublished memorandum disposition, and is neither precedential
    nor binding. *See* 9th Cir. R. 36–3.

25
    [7] Cogent provides no evidence to support its estimate, other than a citation to the hearing transcript
26  where its counsel conjectured "[a]pproximately 100" putative class members could be bound.  In
    any event, should the need arise, the Court retains the right to create subclasses or exclude
27  members from the class at a later juncture. *See* Fed. R. Civ. P. 23(c)(1)(C).

28
                                                        CASE NO.  14-cv-02182-RS

1    (9th Cir. 2009).  Given the example the Ninth Circuit offered—a "centralized policy requiring

2    employees to be at their desks for 80% of their workday," *id.* at 959—Cogent submits the

3    evidence this Court invoked in its order falls short of the applicable standard.

4         Cogent's argument is unpersuasive because the Ninth Circuit merely offered a single, clear

5    example designed to provide guidance regarding the evidence courts look to when adjudicating the

6    predominance of common issues.  Cogent admits the example represents "one extreme" of the

7    relevant spectrum. Dkt. No. 83, Ex. A.   In any event, the prior order was supported by a wide

8    variety of centralized rules suggesting "a uniformity" amongst Cogent employees. *See* Dkt. No. 80

9    at 15:12–16:12; *id.* at 17:20–18:14.

10        Lastly, Cogent insists its appeal raises questions regarding the role that individualized

11   damages should play in the predominance inquiry.  Cogent maintains it is wrong to use

12   representative testimony or statistical sampling in the damages realm.  Cogent also avers the prior

13   order did not involve a rigorous enough analysis under Rule 23.

14        Contrary to Cogent's suggestion, the prior order did not "ignore the presence of

15   individualized damages." Dkt. No. 105 at 4:18.  In fact, it explicitly parsed through Cogent's

16   specific arguments on the topic.  Dkt. No. 80 at 17:12–19.  Ultimately, it weighed the damages

17   issues in conjunction with the liability issues and determined that in light of the evidence, common

18   issues nevertheless would predominate in this case. *Id.* at 17:12–18:14.  This conclusion was in

19   keeping with the Ninth Circuit's instruction in *Levya v. Medline Industries Inc.*, 716 F.3d 510, 514

20   (9th Cir. 2013), that "the presence of individualized damages cannot, by itself, defeat class

21   certification under Rule 23(b)(3)." *Id.* at 514.  *Levya*'s holding was affirmed quite recently in

22   *Pulaski & Middleman, LLC v. Google, Inc.*, 802 F.3d 979 (9th Cir. 2015), which found "that

23   differences in damage calculations," as Cogent pressed here, "do not defeat class certification after

24   *Comcast.*"[8] *Id.* at 988.

25

---

26   [8] Importantly, although the prior order found the damages issues did not predominate over
     common issues, it did not commit to proceeding in any particular way at the damages phase of the
27   action.  Should the methods plaintiffs suggest prove incapable of leading to a fair determination of
     any applicable damages, there are an array of possible remedies, including streamlined individual

28

United States District Court
Northern District of California

1    In sum, Cogent has not shown a strong likelihood it will succeed on the merits of its

2    appeal.  Nor is it likely the appeal presents "serious legal issues" warranting a pause of these

3    proceedings.  That issue need not definitely be resolved, however, because even assuming there

4    are serious questions, the balance of hardships does not tip *sharply* in Cogent's favor.

5                              **b. Balance of Hardships**

6    "The second and third prongs of the stay analysis require the court to consider,

7    respectively, the likelihood of irreparable harm to the Defendant if the court denies a stay, and

8    injury to other parties should the court grant a stay." *Brown v. Wal-Mart Stores, Inc.*, No. 5:09–

9    cv–03339–EJD, 2012 WL 5818300, at *4 (N.D. Cal. Nov. 15, 2012).  Cogent must show the

10   balance of hardships tips *sharply* in its favor, assuming its appeal raises the "serious legal issues"

11   outlined above.

12   On that point, Cogent submits it will irreparably be harmed in the absence of a stay by the

13   considerable costs associated with issuing notice and completing classwide discovery.  Cogent

14   also maintains the notice will cause a loss of goodwill amongst its employees, and insists its

15   issuance risks needlessly disclosing sensitive information prematurely.  Plaintiffs point out they

16   have litigated this case since late 2011, and submit they are entitled to prosecute their claims

17   without any further delay.

18   All told, Cogent has not demonstrated the balance of hardships tips sharply in its favor.

19   The additional litigation costs certainly constitute some injury, but that burden, while regrettable,

20   generally is not considered irreparable injury. *See, e.g.*, *Monaco v. Bear Stearns Cos., Inc.*, No.

21   CV 09–05438 SJO (JCx), 2012 WL 12506860, at *4 (C.D. Cal. Dec. 5, 2012).  While the

22   authority Cogent relies on found additional litigation costs to be persuasive, *see Brown*, 2012 WL

23   5818300 at *4, that case involved a class of 22,000 individuals, whereas this one involves 250. *See*

24   Dkt. No. 99 at 20:12–13.  Even conceding, however, that delaying plaintiffs' day in court also

25   amounts to some injury, plaintiffs offer little argument to suggest their harm would exceed the

26   

27   hearings, amongst others.

28   

United States District Court
Northern District of California

1    ordinary burdens attendant to litigation.  Adding it all up, neither side makes a particularly

2    convincing presentation.  Cogent, however, has the burden to demonstrate the balance tips sharply

3    in its favor.  It simply has not accomplished that outcome at this juncture.[9]

4          At bottom "[a] stay is not a matter of right, even if irreparable injury might otherwise

5    result." *Nken v. Holder*, 556 U.S. 418, 433 (2009).  "It is instead an exercise of judicial discretion,

6    and the propriety of its issue is dependent upon the circumstances of the particular case." *Id.*

7    (internal quotation marks and alterations omitted).   Having reviewed the circumstances of the

8    present matter, Cogent has not persuasively shown a stay of these proceedings is warranted, and

9    its motion accordingly is denied.

10         **C. The Proposed Notice**

11         Pursuant to the January 4, 2016, order, the parties submitted a joint notice governing the

12   FLSA and Rule 23 claims.  The parties also raised a number of issues in conjunction with their

13   proposal.

14         Cogent requests class members be required to send the applicable forms to a mutually

15   acceptable third-party administrator, as opposed to plaintiffs' counsel.  That request is granted.

16         Cogent next seeks to add a new bullet point to page one of the joint notice clarifying the

17   Court's current view of the propriety of the parties' claims and defenses.[10]  This request is denied

18   as the information Cogent seeks to present already appears on the first page of the joint notice.

19         Cogent next requests sections twelve and fourteen be stricken from the notice because they

20   present a misleading contrast regarding the merits of class representation in comparison to

21   retaining outside counsel.  The relevant language, however, appears almost verbatim in the Federal

22   Judicial Center's model notice, and in any event, is not misleading in the manner Cogent suggests.

23   The request to strike sections twelve and fourteen accordingly is denied.

24

25   [9] Given this finding, the public's interest in a stay need not be reached.

26   [10] Cogent seeks to add the following language: "[t]here have been no rulings on the merits of the
     underlying claims, no findings of fault, and no damages awarded.  The Court expresses no view of
27   who should win the lawsuit at this time."

28

United States District Court
Northern District of California

United States District Court
Northern District of California

1    Cogent next requests section fifteen include language informing potential class members of

2    their right to retain outside counsel or to represent themselves.  This request is denied because the

3    same information appears in section fourteen.

4    Lastly, the parties request a few points of clarification.  They are advised as follows.  First,

5    the stipulated protective order approved in this case is sufficient. *See* Dkt. No. 34.  The parties

6    need not submit an additional protective order for the purpose of effecting notice.  Second, the

7    reminder notice may be sent via e-mail and first class mail.  Its content must be substantially

8    identical to the initial notice, but it may be identified to putative class members as a reminder.

9    Third, Cogent continues to object to the provision of notice to class members who may have

10   signed arbitration agreements.  Given those agreements were voluntary, *See* Szott Decl. ¶ 12, and

11   Cogent has not produced a single waiver signed by a putative class member, this issue is better

12   addressed after the notice-period has run and the parties have conducted additional discovery.  As

13   noted above, the Court retains the right to create subclasses or exclude members from the class at a

14   later juncture. *See* Fed. R. Civ. P. 23(c)(1)(C).

15                                      **III. CONCLUSION**

16   Cogent's request for certification of the January 4, 2016, order is denied.  Cogent's request

17   for a stay of these proceedings also is denied.  A further Case Management Conference shall be

18   held on March 17, 2016, at 10:00 a.m. in Courtroom 3, 17th Floor, United States Courthouse, 450

19   Golden Gate Avenue, San Francisco, California.  The parties shall file a Joint Case Management

20   Statement at least one week prior to the Conference that includes, ideally, a jointly proposed

21   schedule for the case through trial.

22

23   **IT IS SO ORDERED**.

24

25   Dated: February 29, 2016

26   _____

27   RICHARD SEEBORG
     United States District Judge

28

CASE NO. 14-cv-02182-RS

12