THOMAS E. DUCKWORTH (SBN 152369)
(tom@dplolaw.com)
MONIQUE OLIVIER (SBN 190385)
(monique@dplolaw.com)
**DUCKWORTH PETERS LEBOWITZ OLIVIER LLP**
100 Bush Street, Suite 1800
San Francisco, California 94104
Telephone: (415) 433-0333
Facsimile: (415) 449-6556

TODD SLOBIN (*Pro Hac Vice*)
(todd@eeoc.net)
**SHELLIST | LAZARZ | SLOBIN LLP**
11 Greenway Plaza, Suite 1515
Houston, Texas 77046
Telephone: (713) 621-2277
Facsimile: (713) 621-0993

Attorneys for Plaintiffs and the Class

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOAN AMBROSIO, et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>COGENT COMMUNICATIONS, INC.<br><br>Defendant. | Case No.  3:14-cv-02182-RS<br><br>**CLASS AND COLLECTIVE ACTION**<br><br>[**PROPOSED**] **ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT; ATTORNEY FEES AND COSTS (AS MODIFIED BY THE COURT)** |

This matter, a wage and hour class and collective action under California state law and the federal Fair Labor Standards Act (FLSA), comes before the Court on plaintiffs' motion for final approval of class action settlement, and motion for attorneys' fees and costs.  Having preliminarily approved the settlement on June 26, 2017, notice was sent to the Class, and a final fairness hearing was held on September 28, 2017.

The Court has reviewed and considered the record in this matter, including the memorandum and declarations submitted in support of the motion for preliminary approval and the exhibits attached thereto; the settlement agreement; the class notice; Plaintiffs' motion for final approval of the settlement; the memorandum and declarations in support of the motion for final approval submitted by plaintiffs; and the memorandum and declarations submitted in support of the fee petition.

Good cause appearing, the Court GRANTS the final approval and fee motions. The Court's order is based upon the following:

**Background**

On May 12, 2014, Plaintiffs commenced this action by filing their Complaint against Defendant on behalf of themselves and all current and former account managers of Defendant within the State of California from May 12, 2010 until the date of final judgment in this action.  The Complaint alleged causes of action against Defendant for: (1) failure to pay overtime wages pursuant to California Labor Code §§ 510, 1194, and 1198; (2) failure to pay wages due and owing pursuant to California Labor Code §§ 200-03; (3) failure to pay overtime wages pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. ("FLSA"); and (4) unfair competition pursuant to California Business and Professions Code § 17200, *et seq*.  *See* Class and Collective Action Complaint [ECF No. 1] at ¶¶ 1, 36-42, 43-51, 52-60, 61-69.

On January 4, 2016, the Court (i) granted certification of the proposed Rule 23 class action and conditional certification of the proposed FLSA collective action, and (ii) ordered that notice be sent to individuals comprising the certified Rule 23 class and conditionally certified FLSA collective action.  *See* Order Granting Motion Conditionally to Certify Collective Action, to Certify Class Action, and Granting Motion to Dismiss Certain Individual Plaintiffs [ECF No. 80].  Notice was sent to the individuals comprising the certified Rule 23 class and conditionally certified FLSA collective action, along with opt-out forms for the Rule 23 class members and opt-in forms for the conditionally certified FLSA collective action members.  Five individuals opted out of the Rule 23 class action and approximately 60 individuals had opted in to the FLSA collective action.  The total

number of individuals in the class is approximately 315. *Id*.

On March 25, 2016, Defendant filed a Motion to Compel Arbitration, Dismiss Claims, and Amend Class Definition. Plaintiffs responded on April 18, 2016. On May 12, 2016, proceedings were held before this Court, supplementary briefing was ordered, and both parties filed further briefing. On August 5, 2016, this Court denied the motion. [ECF No. 139]. Defendant filed a Notice of Appeal. This Court denied Defendant's accompanying motion for a stay, but the appeal remains pending.

On June 26, 2017, this Court preliminarily approved the settlement, preliminarily certified the Settlement Class, appointed Plaintiffs as the Class Representatives of the Settlement Class, and appointed Plaintiffs' counsel as Class Counsel. The Settlement Administrator sent notice of the settlement to the Class. No one opted out and no one objected.

**Key Terms of the Settlement**

Under the Settlement Agreement, Cogent will pay $3,000,000 to resolve this litigation ("Class Settlement Amount"). *See* Dkt. 157-2 (Settlement Agreement). This amount comprises payments to the approximately 315 class members as well as attorneys' fees and costs. The entire amount will be disbursed to the Class pursuant to the terms of the Settlement Agreement, and none of it will revert to Cogent.

In addition to the Class Settlement amount, Cogent will pay (1) the employer's share of payroll taxes; (2) all costs of administration of the settlement; and (3) service awards to the Class Representatives.

The other key terms of the Settlement Agreement include:

**A.     Settlement Class**

There will be a direct monetary distribution to approximately 315 members of the Settlement Class. Members will *not* have to file their claims to receive their settlement payments. The proposed Settlement Class is comprised of all current or former Cogent employees who work or worked in California at any time since May 12, 2010 to the present as either a Regional Account Manager, Regional Account Manager I/II/III, National Account Manager, or Global Account

Manager and were classified by Defendant as exempt from the payment of overtime.

### B.    Class Settlement Amount and No Reversion

The Class Settlement Amount is the sum Defendant has agreed to pay in exchange for the releases and promises contained in the Settlement Agreement.  Defendant agrees to pay a total aggregate amount of Three Million Dollars ($3,000,000) in settlement of the action.  The Class Settlement Amount shall include (i) all payments to Settlement Class Members, (ii) attorneys' fees of no more than one-third of the Class Settlement Amount, or $1,000,000, and (iii) attorneys' reasonable expenses not to exceed $75,000. Dkt. 157-2 ¶ g.  All Net Settlement Funds will be paid out, and none will revert to Cogent. Dkt. 157-1 ¶¶ 17-18, 58; Dkt. 157-2 ¶ g.

### C.    Release

The class release is limited to claims that were actually pled or could have been pled based on the facts asserted in the Complaint, including claims brought under California law and the Fair Labor Standards Act (FLSA) arising out of or related to claims for wages, overtime pay, and pay for all hours worked but not compensated.  Only members of the Settlement Class that choose not to opt out will be subject to the release, and only those who opted in to the FLSA collective action and those who endorse the settlement checks will be subject to a FLSA release.  In addition, Plaintiffs agree to a general release of claims under California Civil Code section 1542. Dkt. 157-1 ¶ 30; Dkt. 157-2 ¶ 41.

### D.    Calculation of Settlement Class Members' Payments

Each Settlement Class Member will be entitled to his or her share of the Class Settlement Amount that is directly proportional to the wages earned and the number of workweeks during which the Settlement Class Member worked for Cogent during the applicable period. Dkt. 157-1 ¶¶ ¶¶ 17-28 (detailing the settlement distribution formula).  The Class Members who opted in to the FLSA collective action will receive an additional amount based upon the same formula, in recognition of the potential recovery for liquidated damages under the FLSA.  *Id.* Settlement Class Members will receive their pro rata share of the available settlement funds.  *Id.* This formula is explained to Class Members in the proposed notice of settlement.  Plaintiffs estimate that after

attorneys' fees and costs, the average Settlement Class Member award will be over $6,000. Dkt. 157-1 ¶ 31. The actual awards for each Class Member will necessarily be higher for Members with more workweeks, and correspondingly lower for Members with fewer workweeks. *Id.*

### E.      Attorneys' Fees and Costs

Plaintiffs' attorneys' fees and costs are included in Class Settlement Amount of $3,000,000. Cogent does not oppose Plaintiffs' fee application, which requests one-third of the Class Settlement Amount, plus out-of-pocket costs not to exceed $75,000. Dkt. 157-2 ¶ 18. On July 28, 2017, Plaintiffs filed a separate motion for attorneys' fees and costs, which was within two weeks of when the Notice of Settlement was mailed to the Class, giving the Class an opportunity to review the motion with the opt out and objection period.

### F.      Timing and Procedure for Distribution of Settlement Funds

After the Settlement becomes final and any appeals have been disposed of, the Settlement Administrator shall distribute the settlement funds to Settlement Class Members, pay all Court-approved attorneys' fees, costs, and expenses to Class Counsel, and pay all Court-approved service awards to the Class Representatives. Should there be any unclaimed funds, they shall be distributed to Legal Aid at Work, the Parties' agreed-upon *cy pres* beneficiary. Dkt. 157-2 ¶ 38. The organization has a direct and substantial nexus to the interests of the absent class members because its mission is to provide information and direct legal assistance to workers. Dkt. 157-1 ¶ 29.

### G.      Rights of Class Members to Request Exclusion from or Object to the Settlement

The Settlement Agreement provides Class Members with the right to request exclusion and take no part in the settlement, and the right to stay in the Class but object to the Settlement terms. Those rights were carefully explained in the Notice of Class Action Settlement, and the Class Members were given forty-five (45) calendar days from the date of the Notice to either object or opt out. Dkt. 157-2 ¶¶ 28-29.

### H.      Notice of Proposed Settlement

The Court-approved Notice sets forth in plain terms, a description of the case, the terms of Settlement, the approximate amount of attorneys' fees, costs, and service awards being sought, and

an explanation of how the settlement allocations are calculated.  Dkt. 157-3; Dkt. 157-1 ¶¶ 32-39. The Settlement Administrator sent the Notice out to all class members on July 14, 2017.  Pursuant to the Settlement and preliminary approval, the Settlement Administrator undertook its best efforts to ensure best practical notice, including conducting a national change of address search and skip tracing, re-mailing the notice to updated addresses, and hosting a toll-free number.  No class member has opted out or objected to the Settlement.

**The Settlement Is Fair, Reasonable and Adequate**

In order to approve a settlement in a class action, the court must conduct a three-step inquiry.  First, it must assess whether defendants have met the notice requirements under the Class Action Fairness Act (CAFA). See 28 U.S.C. § 1715(d). Second, it must determine whether the notice requirements of Federal Rule of Civil Procedure 23(c)(2)(B) have been satisfied. Finally, it must conduct a hearing to determine whether the settlement agreement is "fair, reasonable, and adequate." See Fed. R. Civ. P. 23(e)(2); *Staton v. Boeing C*o., 327 F.3d 938, 959 (9th Cir. 2003) (discussing the Rule 23(e)(2) standard); *Adoma v. Univ. of Phoenix. Inc*., 913 F. Supp. 2d 964, 972 (E.D. Cal. 2012) (conducting three-step inquiry). Each of these requirements is met here.

**A.    The Parties Have Complied with the Class Action Fairness Act**

CAFA requires that "[n]ot later than 10 days after a proposed settlement of a class action is filed in court, each defendant that is participating in the proposed settlement shall serve [notice of the proposed settlement] upon the appropriate State official of each State in which a class member resides and the appropriate Federal official[.]" See 28 U.S.C. § 1715(b). The court may not grant final approval of a class action settlement until the CAFA notice requirement is met. See 28 U.S.C. § 1715(d). Here, Defendant timely provided the required CAFA notice. No Attorneys General have submitted statements of interest or objections in response to these notices.

**B.    The Settlement Class Meets All Requirements of Rule 23(e)**

In its order granting preliminary approval, and its order certifying the class on June 26, 2017 (Dkt. 163), the Court certified the class pursuant to Rule 23(b)(3). The same analyses apply

here, and the Court affirms its order certifying the class for settlement purposes under Rule 23(e). The settlement class is:

> All current or former Cogent employees who: (1) work or worked in California at any time during the Class Period as either a Regional Account Manager, Regional Account Manager I/II/III, National Account Manager, or Global Account Manager; and (2) were classified by Defendant as exempt from the payment of overtime during the Class Period, but shall exclude any Class Member who: (i) previously settled or released the claims covered by this Settlement; (ii) was previously paid or received awards through a civil or administrative action for all the claims covered by this Settlement; (iii) has already requested exclusion from this Action by and through the filing of an opt-out form; or (iv) Class Members who the Court dismissed from this Action for failure to prosecute.

### C.     The Parties Have Complied with Rule 23(c) Notice Requirements

Class actions brought under Rule 23(b)(3) must satisfy the notice provisions of Rule 23(c)(2), and upon settlement of a class action, "[t]he court must direct notice in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1). Rule 23(c)(2) prescribes the "best notice that is practicable under the circumstances, including individual notice" of particular information. Fed. R. Civ. P. 23(c)(2)(B).

The proposed notice plan was undertaken and carried out pursuant to the preliminary approval order. The Settlement Administrator provided direct notice via first-class mail to class members. In addition, the notice administrator established a toll-free telephone number that class members could contact with any questions.

The Court previously found that the notice itself informed class members of the nature of the action, the terms of the proposed settlement, the effect of the action and the release of claims, as well as class members' rights to exclude themselves from the action and to object to the proposed settlements. Plaintiffs have complied with all of the requirements of Rule 23 and have complied with the notice provisions of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

### D.     The Proposed Settlement Is Fair, Adequate and Reasonable

The Court may approve a settlement that is fair, reasonable, and adequate. Fed. R. Civ. P. 23(e)(2). "It is the settlement taken as a whole, rather than the individual component parts, that

must be examined for overall fairness." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998). The factors typically considered when evaluating the fairness of a settlement are:

> (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery [*10] completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members of the proposed settlement.

*In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 943 (9th Cir. 2011) (*citing Churchill Vill., L.L.C. v. GE*, 361 F.3d 566, 575 (9th Cir. 2004)).

The proposed settlement is sufficiently fair, reasonable, and adequate to qualify for final approval. The settlement, which was secured with the assistance of Jeffrey A. Ross, an experienced and well-regarded mediator who specializes in employment class actions, secures a substantial recovery for the class members, with an average award of $6,000 and in many cases two or three times that amount. Wage and hour class action settlements with lesser recoveries have been found appropriate for approval. *See, e.g., Gould v. Rosetta Stone, Ltd.*, No. C 11-01283 SBA, 2013 U.S. Dist. LEXIS 138921, at *12 (N.D. Cal. Sep. 26, 2013) ($600,000 settlement resulting in an average recovery of $3,890.63 each for California claimants and $2,964.29 for FLSA claimants); *Burden v. Selectquote Ins. Servs.*, No. C 10-5966 LB, 2013 U.S. Dist. LEXIS 109110, at *9 (N.D. Cal. Aug. 1, 2013) ($750,000 settlement fund, recoveries ranged between $1,850 and $3,335). The distribution plan determines the settlement awards based upon not only the number of weeks a class member worked, but also his or her actual wages received, as class member income varied due to commissions earned. Class members do not have to take any action to receive their awards; the Settlement Administrator will issue checks directly to class members. There is no reversion to Defendant – all funds are paid to the Class. Any uncashed checks will be paid to Legal Aid at Work as *cy pres*.

A significant factor favoring approval is the inherent risk entailed by continued litigation, and the history in this case in particular of hard fought and continuing battles. In the absence of settlement, Defendant has indicated that it will move to decertify both the conditionally-certified

collective action and the Rule 23 class action. There also would likely be summary judgment motions prior to trial, the continuation of discovery and, in the end, a lengthy and complex class action trial, which carries substantial risks for both sides.  Furthermore, the Defendant has already pursued several matters in the Ninth Circuit and has an appeal pending now regarding this Court's order denying Defendant's motion to compel arbitration. The uncertainty, delay, and resource costs posed by continued litigation thus weigh heavily in favor of settlement, particularly given that this case has been pending for over three years.

Finally, the response of the class also favors settlement.  Here, class members received adequate notice and an opportunity to object or opt out of the settlement.  In addition, this is the second notice that has been provided in this action, as notice originally was issued after the class was certified.  No class members have opted out of the settlement and no class members have objected to the settlement or to the attorneys' fees and costs sought by Plaintiffs.

In summary, the settlement is fair, adequate and reasonable and, accordingly, is approved.

**V.     Plaintiffs' Application for Attorneys' Fees and Costs Is Approved.**

In the Ninth Circuit, a court may apply either a lodestar or a percentage-of-the-fund method in calculating the appropriate fee award. *Vizcaino*, 290 F.3d 1043; *In re Cathode Ray Tube (CRT) Antitrust Litig.*, No. 3:07-cv-5944 JST, 2016 U.S. Dist. LEXIS 24951, at *273-75 (N.D. Cal. Jan. 28, 2016).  While the trial court has discretion, one recognized approach is to determine the plaintiffs' lodestar fees, determine whether a multiplier is warranted, and then "cross check" the propriety of that amount as a percentage of the overall recovery. *See Staton v. Boeing Co.*, 327 F.3d 938, 967-68 (9th Cir. 2003) (in common fund cases, a court has discretion to award attorneys' fees either as a percentage-of-the-fund or by using the lodestar plus multiplier method).

Here, Plaintiffs seek $1,000,000 in fees and $53,319.28 in costs.  The $1,053,319.28 represents roughly one-third of the settlement fund.  As of July 27, 2017, Class Counsel had collectively spent over 3,100 hours litigating the case and incurred $1,496,553.50 in lodestar fees (after the exercise of billing judgment). Thus the amount Plaintiffs seek is approximately 66.8% of

[PROPOSED] ORDER AND JUDGMENT RE: FINAL SETTLEMENT (AS MODIFIED)          CASE NO. 3:14-cv-02182-RS

9

their lodestar, and does not include future time expended preparing the final approval papers or working with the Settlement Administrator and the Class to distribute settlement funds.

Both the fees and costs are reasonable and warranted under the facts of the case and applicable law.  Plaintiffs and Cogent entered into a Settlement Agreement providing for $3 million, in which approximately 315 workers will each receive an average settlement amount of over $6,100 – and in some cases two to three times that amount depending on their length of employment.   This amount does not include the employer's share of payroll taxes, the costs of class administration, and the service awards (if approved) to the named Plaintiffs.  Cogent has agreed to separately pay for those amounts.  On the whole, the settlement provides substantial recovery directly to class members with no claims process and no reversion to the Defendant.  The quality of this result is evidenced in part by the lack of objectors or opt outs.

Class Counsel's billing rates are clearly reasonable for the market.  Co-lead counsel Monique Olivier and Todd Slobin both have 20 years of experience and bill at $675/hour, while the remaining attorneys and staff bill at lower rates.  The billing rates of Class Counsel's attorneys are commensurate with prevailing rates in the San Francisco Bay Area for attorneys with comparable skill and experience litigating class actions. *See, e.g., Buckingham v. Bank of Am.,* No. 3:15-cv-6344-RS, 2017 U.S. Dist. LEXIS 107243, at *13 (N.D. Cal. July 11, 2017) (approving rates of $675 to $375 per hour for attorneys, where $675 was for an attorney with 17 years' experience, and finding that "similar and higher rates have been approved in this District."); *In re MagSafe Apple Power Adapter Litig*., No. 5:09-CV-01911-EJD, 2015 U.S. Dist. LEXIS 11353, 2015 WL 428105, at *12 (N.D. Cal. Jan. 30, 2015) ("In the Bay Area, reasonable hourly rates for partners range from $560 to $800, for associates from $285 to $510, and for paralegals and litigation support staff from $150 to $240.").

Although the percentage-of-the-fund "cross check" indicates that the fees sought constitute one-third of the common fund, an upward departure from the 25% benchmark in the Ninth Circuit, the circumstances here merit the award.  First, the amount sought is significantly less than the lodestar which, as noted above, is reasonable in light of the scope of litigation that was required in

this case.  Second, Plaintiffs were able to achieve substantial recovery for the Class members, who will be paid significant sums now and not face the uncertainty and inevitable delay of continued litigation, including appeals.  Third, given the results, Plaintiffs here would likely be entitled to a multiplier, yet instead have agreed to cap their lodestar at less than 67% of its value (a negative multiplier).  Fourth, in common fund cases the fee award regularly exceeds the 25% benchmark. *Knight v. Red Door Salons, Inc.*, No. 08-01520 SC, 2009 U.S. Dist. LEXIS 11149, at *19 (N.D. Cal. Feb. 2, 2009). Accordingly, the request for $1,000,000 in fees is granted.

Finally, Plaintiffs' are entitled to recover the $53,319.28 they seek in costs as this amount covers expenses (such as mediation, discovery, travel, etc.) that were reasonably incurred in litigation. The request for costs is approved.

**VI.   The Court Grants the Requested Service Awards to the Class Representatives**

Plaintiffs request service awards in the amount of $2,500 for each of the thirteen named plaintiffs and class representatives.  This amount is to be paid by Defendant in addition to the Class Settlement Amount.  In the Ninth Circuit, service awards "compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general." *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 958-59 (9th Cir. 2009).

Here, the thirteen class representatives have spent a significant amount of time assisting in the litigation of this case.  Each plaintiff provided relevant information to plaintiffs' counsel, responded to written discovery, prepared for and sat for his or her deposition, and worked with class counsel to negotiate the terms of the settlement to ensure it was in the best interest of the class.  The class representatives also took a reputational risk by representing the other class members. Moreover, each class representative executed a broader release than absent class members, warranting additional consideration. The requested awards are therefore approved.

**VII.  The Requested Cy Pres Is Appropriate**

Any uncashed checks shall be given as cy pres.  The requested cy pres beneficiary, Legal Aid at Work (formerly called Legal Aid Society Employment Law Center), meets the test under

[PROPOSED] ORDER AND JUDGMENT RE: FINAL SETTLEMENT (AS MODIFIED)        CASE NO. 3:14-cv-02182-RS

*Dennis v. Kellogg Co.*, 697 F.3d 858, 865 (9th Cir. 2012), "that there be a driving nexus between the plaintiff class and the cy pres beneficiaries." This suit seeks to enforce wage protections for workers. Legal Aid at Work (https://legalaidatwork.org ), provides direct legal services for low-wage workers in California. Accordingly, the beneficiary is approved.

### VIII. Conclusion

The Court hereby enters Judgment approving the terms of the Settlement. This document shall constitute a final judgment with respect to the Claims of the Settlement Class for purposes of Rule 58 of the Federal Rules of Civil Procedure, and the Settlement Class Members are barred and permanently enjoined from initiating or prosecuting the Released Claims as defined in the Agreement.

This Court retains exclusive jurisdiction to enforce the Settlement Agreement, including jurisdiction regarding the disbursement of the Settlement Fund. Without affecting the finality of this Order and Final Judgment, the Court retains jurisdiction over the Class Representatives, the Settlement Class, and the Defendant as to all matters concerning the administration, consummation, implementation, interpretation, and enforcement of the Settlement Agreement.

**IT IS SO ORDERED.**

Dated: September 29, 2017

Judge Richard Seeborg
United States District Court